IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pacita Whatley; Reverend Dr. Samuel Whatley; and Samuel Whatley, II,<br><br>      Plaintiffs,<br><br>v.<br><br>Oakbrook Health and Rehabilitation Center,<br><br>      Defendant. | C/A No. 2:23-cv-2274-SAL<br><br><br><br>**ORDER** |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 13.] In the Report, the magistrate judge recommends summarily dismissing this matter without issuance and service of process. *Id.* at 4. Included with the Report was a notice advising Plaintiffs of the procedures and requirements for filing objections to the Report. *Id.* at 5. Plaintiffs filed objections. [ECF No. 16.] This matter is ripe for review.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

1

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

Because Plaintiffs are proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiffs to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

Initially, the court finds the Report discusses the applicable law and recites the relevant facts from the complaint. The court fully adopts the Report and only recites what is necessary for context in this order. The Report summarizes the complaint as follows:

> Plaintiffs filed this action expressly invoking the court's federal question jurisdiction by claiming that this action is brought under the False Claims Act. Plaintiffs claim that Pacita Whatley stayed in the defendant's rehabilitation center between December 2022 and February 2023 after a hospital stay. Plaintiffs raise various allegations about Pacita's treatment at the facility, alleging that she suffered from bedsores, "trauma/agitation," and dirty clothing while she was in the defendant's care. (Compl., ECF No. 1 at 5.) Plaintiffs also claim Pacita was not provided adequate cardiology treatment by the defendant, causing Pacita to have to return to the hospital. Plaintiffs further claim that Pacita's prescriptions "were being diverted and going missing upon delivery to" Reverend Dr. Samuel Whatley.

2

> (Compl., ECF No. 1 at 5.)  Plaintiffs also allege that the defendant attempted to charge Reverend Dr. Samuel Whatley for services during periods in which Pacita was in the defendant's care.  Plaintiffs allege those charges were in addition to charges to "the federal health insurance, Blue Cross Blue Shield."  (Compl., ECF No. 1 at 5.)  Pacita is a former federal employee.  As to relief, Plaintiffs seek compensation for the "upcoding charges to the federal health insurance, cost of inflated medical bills to plaintiff(s), diverted prescriptions, and pain and suffering."  (*Id.*)

[ECF No. 13 at 1–2.]

Ultimately, the magistrate judge recommends this case be summarily dismissed for a litany of reasons.  For instance, qui tam actions may not be brought pro se.  *Id.* at 3 (citing *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020).  In addition, Plaintiffs' allegations do not implicate the False Claims Act since Plaintiffs are seeking relief only for injuries suffered by Pacita and Reverend Dr. Samuel Whatley and not civil penalties plus damages sustained by the government as provided for under the False Claims Act.  *Id.* at 3–4.  Also absent are allegations in the complaint that Defendant's "purportedly incorrect billing was 'knowingly' fraudulent, . . . or, more importantly, that Pacita's health insurer was an agent of the United States Government."  *Id.* at 4.  The Report also points out that Plaintiffs failed to bring this action in the name of the United States government or to file it *in camera* for review by the Attorney General of the United States.  *Id.*  The court agrees with the magistrate that the complaint is deficient in all the above respects and that summary dismissal is appropriate.

In their objections, Plaintiffs assert they filed a motion to seal along with their complaint, but it was not acted upon.  [ECF No. 16 at 1.]  A review of the docket reveals the motion to seal was denied by the magistrate judge because Plaintiffs failed to comply with the Local Rules for

3

filing documents under seal. *See* ECF No. 11 at 1–2. There is no error, and Plaintiffs' objection is overruled.

Plaintiffs also attach a letter they received from the South Carolina Attorney General's Office regarding their complaint. *Id.* at 2. However, it is the Attorney General of the United States, not of South Carolina, that reviews civil actions properly made under the False Claims Act. *See* 31 U.S.C. § 3730(a), (b). Plaintiffs' objection is overruled.

Plaintiff further argues "the upcoding notice was flagged by the federal health insurance institution itself" and the "Magistrate's claim that there are no factual allegations is false, as is indicated by the supporting documents." [ECF No. 16 at 3.] It is unclear exactly what parts of the Report Plaintiffs are challenging with these assertions. However, these conclusory statements do nothing to cure the fatal deficiencies identified in the Report—including Plaintiffs bringing this action pro se, failing to allege "knowingly" fraudulent billing, failing to demonstrate the insurer was an agent of the United States, etc. *See* ECF No. 13 at 3–4. Accordingly, Plaintiffs' objections are overruled.

Plaintiffs also allege this case was incorrectly docketed as a personal injury suit "but was later corrected." [ECF No. 16 at 3.] This objection has no bearing on the recommended summary dismissal of this case. It is overruled.

Next, Plaintiffs assert "[t]he *lacking standards of care* that occurred to the plaintiff(s) from the rehabilitation facility demonstrates that the upcoding charges *are fraudulent* and the non-feasance from the authorities did not act upon can be held liable for allowing pain and suffering." *Id.* (emphasis in original). The court finds it difficult to decipher exactly what Plaintiffs are arguing here, but the contention that the court could infer fraud based on Defendant's alleged failure to

4

meet the standard of care in other areas is wholly without support. Plaintiffs' objection is overruled.

Finally, Plaintiffs argue they have been selectively discriminated against due to their socio-economic status, and they accuse the court of "ignoring the supporting documentation to justify blocking ongoing litigation in other cases" in violation of the oath of justices and judges. *Id.* (citing 28 U.S.C. § 453). If Plaintiffs are objecting to the initial review of their complaint pursuant to 28 U.S.C. § 1915, the court notes the review is proper under the Prison Litigation Reform Act. *See Roller v. Gunn*, 107 F.3d 227, 230–31 (4th Cir. 1997) ("Congress recognized that the explosion of IFP litigation presents problems for our legal system. It was obviously concerned that the limited resources of the federal judiciary not be expended on cases whose frivolity was manifest, but whose sheer numerosity represented a formidable and time consuming task. . . ."). Additionally, the court has not ignored Plaintiffs' documentation. Nevertheless, the court cannot ignore fatal deficiencies in Plaintiffs' complaint, nor can the court create a viable complaint for Plaintiffs. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("[Case law] directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments . . . ."). These objections are also overruled.

## CONCLUSION

For the reasons set forth above, the Report [ECF No. 13] is adopted and incorporated by reference, including footnote 2 of the Report, which warns Plaintiffs that abusing the privilege of proceeding in forma pauperis "may result in sanctions, including the loss of the right to proceed in

5

forma pauperis." [ECF No. 13 at 4 n.2.] As a result, Plaintiff's complaint is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

December 13, 2023  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge